# Horace L. Brand, Appellee, v. Peter Svenson, Appellant.

## Gen. No. 18,469

1. INJUNCTIONS—*enforcement of negative covenants.* In respect of purely negative convenants annexed to or contained in contracts or leases, courts of equity will frequently interpose by injunction and indirectly enforce special performance thereof by prohibiting their breach. This remedy is given in many such cases without regard to the question of whether or not substantial injury will ensue and for which there may be a complete remedy at law.

2. INJUNCTIONS—*enforcement of negative covenants.* Injunction is the appropriate remedy in nearly all cases where the contract is negative in form, requiring the parties to refrain from doing certain things, and particularly when the contract and the limitations relate to an interest or a right in real estate.

3. INJUNCTIONS—*enforcement of negative covenants.* Courts of equity have in a number of instances where an injunction is otherwise proper enjoined acts in violation of implied negative covenants in contracts wherein the express covenants were in form affirmative. It is

a general rule, however, that it is necessary to show affirmatively that damages are not an adequate remedy, even though the contract is negative in terms and in substance.

4. INJUNCTIONS—*when do not lie to enforce covenant of lease authorizing entry by landlord to make repairs.*. An injunction does not lie at the instance of a landlord to restrain a tenant from interfering with his entering for the purpose of making repairs as provided by the term of the lease, where such lease confers by its terms, rights, which would enable the landlord to obtain a complete remedy by resorting to a court of law.

Appeal from the Circuit Court of Cook county; the HON. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and injunction dissolved. Opinion filed April 24, 1912.

**Statement by the Court.** On February 25, 1911, Peter Svenson, appellant, entered into a lease with one Eliza C. Hamill for the renting of certain premises described in the lease as follows:

"The store No. 158 Fifth avenue, being the south half as now divided from the center line of posts of the main floor of the building situated and known as Nos. 156-158 Fifth avenue, said building to be known on and after April 1, 1911, as Nos. 24-28 South Fifth avenue, Chicago, to be occupied by lessee for tailor's trimmings and dry goods and for no other purpose whatever, from the 1st day of May, 1911, for and during and until the 30th day of April, A. D. 1912."

Appellant covenanted to pay the sum of $1,200 as rent in monthly installments of $100 on the first day of every month.

By the third covenant in the lease he also agreed as follows:

"To allow lessor and agents free access at all times to premises for purposes of examining or exhibiting same or to make any repairs, additions or alterations of premises or buildings of which they are a part, and to elevators, boilers, machinery and heating apparatus in premises or building of which they are a part, which said lessor or agent may see fit to make,  *  *  *  ."

On December 23, 1911, Horace L. Brand, appellee, purchased the building from the original lessor, Eliza C. Hamill. Brand brought an action of forcible detainer against appellant to recover possession of the premises, but on February 13, 1912, on call of the cause for trial, took a non-suit. After various efforts to purchase appellant's interest in the lease, and being unable to agree with appellant upon any satisfactory terms of purchase, appellee and his agents and contractors and workmen went into the store of appellant for the purpose of putting up temporary partitions and making various alterations in the store, to which appellant immediately protested and refused to allow said work to be done and ordered appellee and his workmen out of the store. Thereupon, on the same day appellee filed his bill in chancery praying an injunction restraining appellant from interfering with the making of such additions and alterations on the premises and in the carrying on of other work in said store, or with his workmen engaged in such work. The bill alleges that the said lessor at the time of the conveying of said premises by her to appellee assigned all rights in said lease to appellee, and that appellant attorned to him; that the said alterations of the said building consist in enclosing the elevator shaft with a brick wall, installing a standard automatic sprinkler system, replacing the store front with a modern store front, and constructing a new cement sidewalk in front of the premises; and that said improvements are essential and important to prepare the premises for appellee's publishing business by May 1, 1912.

Upon an application for a temporary injunction the evidence for appellee tended to show that the alterations could be made without inconvenience to appellant further than to deprive him temporarily of about six feet of space in front of his store and a small area adjacent to the elevator shaft in the rear of the build-

ing, and that the alterations were proper and necessary for the installation of his printing business in said premises by May 1, 1912. The court granted a temporary injunction as prayed, and this appeal is prosecuted by appellant to reverse that interlocutory order.

PURDY & BURR, for appellant.

GREGORY, POPPENHUSEN & McNAB, for appellee; EDWARD R. JOHNSTON. of counsel.

MR. JUSTICE DUNCAN delivered the opinion of the court.

It is argued by appellee's counsel that the covenant in the lease in question to allow the landlord to enter and make repairs and alterations, while affirmative in form, is negative in substance, as the lessee can only allow the landlord to enter by desisting from interference with his entrance. It is, therefore, insisted that in respect of such covenants the remedy by injunction is synonymous with the remedy of specific performance, and that the same rules are applicable to each. It is the settled law that in respect of purely express negative covenants annexed to or contained in contracts or leases, courts of equity will frequently interpose by injunction, and indirectly enforce specific performance thereof by prohibiting their breach. This remedy is given in many such cases without regard to the question of whether or not substantial injury will ensue and for which there may be a complete remedy at law. When such an express covenant is made, it has been held that the lessee is bound to refrain, and the lessor is not required to submit to the opinions of others as to whether he will or will not suffer substantial injury. Consolidated Coal Co. v. Schmisseur, 135 Ill. 371. It is also said in the same case that cases are much more rare where a court of equity has inter-

fered to prevent the breach of a negative covenant which is implied from a positive stipulation.

There can be no doubt that injunction is the appropriate remedy in nearly all the cases where the contract is negative in form, requiring the parties to refrain from doing certain things, and particularly when the contract and the limitations relate to an interest or a right in real estate. It is also true that courts of equity have in a number of instances, where an injunction is otherwise proper, enjoined acts in violation of implied negative covenants in contracts wherein the express covenants were in form affirmative, as in this case. It is a general rule, however, that it is necessary to show affirmatively that damages are not an adequate remedy, even though the contract is negative in terms and in substance. 22 Cyclopedia of Law and Procedure, 846, and cases cited; 2 High on Injunctions, Secs. 1135 and 1136; Carlson v. Koerner, 226 Ill. 15.

What is said in Carlson v. Koerner, *supra*, a case very similar to the one at bar, is applicable to and controlling in this case, viz: "The terms here used are not negative and can only become so by implication * * *. There is no negative covenant within the rule laid down by the authorities, and hence equity had no jurisdiction without proof of irreparable injury." There is no affirmative proof in this record that appellee has sustained irreparable injury, but on the contrary it clearly appears that he has complete and adequate remedies at law. The eighth section of said lease provides, that should the lessee violate any covenants or conditions of the lease that the lessor may at his option without notice to lessee, at once declare the tenancy terminated and that a sum of money equal to the amount of rent which would accrue to the end of the lease shall at the option of the lessor be payable as liquidated damages which lessee agrees to pay at once on the termination of the lease so authorized, the

lessee to be entitled in such case to all rents received by the lessor for rental to other tenants during remainder of the term, less expenses, in no case to exceed said liquidated damages, with interest.

The tenth section thereof provides that after service of notice or commencement of suit, or final judgment for possession of premises, lessor may receive and collect rent due, and payment thereof shall not affect said notice, suit or judgment. It also further provides that the lessee shall pay all reasonable fees and expenses incurred by lessor in enforcing covenants of the lease, and that all rights and remedies of the lessor under the lease shall be cumulative and none shall be exclusive of any other rights allowed by law.

Under the foregoing provisions it clearly appears that appellee by the action of forcible detainer could have regained possession of the premises for any breach of the covenants, and without losing his right to collect a sum equal to all the rent that would have accrued to the end of the term after regaining such possession. There was, therefore, no equitable grounds shown for the granting of the injunction in this case, and the order of the court appealed from is reversed and the injunction dissolved.

*Order reversed and injunction dissolved.*